IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COREY LEE HILL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1342-M |
| | § | |
| DALLAS COUNTY JAIL, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Plaintiff Corey Lee Hill, an inmate in the Dallas County Jail, against Dallas County, Texas, the Dallas County Sheriff's Department, Sheriffs Jim Bowles and Lupe Valdez, the University of Texas Medical Branch ("UTMB") at Galveston, Dr. Steven Bowers, and Dr. Kathryn Flangin. On July 5, 2005, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaire was then sent to plaintiff in order to obtain additional information about the

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

factual basis of his suit. Plaintiff answered the questionnaire on August 11, 2005. The court now determines that this action should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff generally alleges that he has been denied adequate medical care while incarcerated in the Dallas County Jail. In particular, plaintiff complains that jail officials have refused to give him an eye exam so that he can obtain eyeglasses. As a result, plaintiff has been forced to use the same pair of disposable contact lenses for over a year and has suffered several eye infections. Plaintiff further alleges that he has been denied prescription medication for depression, insomnia, and high blood pressure. By this suit, plaintiff seeks unspecified monetary damages and injunctive relief.

III.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (1) is frivolous or malicious;
>
> (2) fails to state a claim upon which relief can be granted; or
>
> (3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164,

113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993).  However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability."  *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

A.

The court initially observes that the Dallas County Sheriff's Department is not a legal entity subject to suit.  *See Magnett v. Dallas Co. Sheriff's Dep't.*, 1998 WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (Kaplan, J.) (Dallas County Sheriff's Department is not a proper defendant with jural existence).  The University of Texas Medical Branch is a state agency that cannot be sued in federal court absent a waiver of Eleventh Amendment immunity.  *O'Rourke v. United States*, 298 F.Supp.2d 531, 535 (E.D. Tex. 2004).  Consequently, neither defendant is a proper party to this suit.

B.

Nor can plaintiff sue former Sheriff Jim Bowles, current Sheriff Lupe Valdez, or Dr. Steven Bowers for the actions of their employees.  As supervisors and elected officials, these defendants are liable only if:  (1) they affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury to plaintiff.  *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993).  It is clear from plaintiff's interrogatory answers that none of these defendants were personally involved in the alleged constitutional deprivations made the basis of this suit.  Instead, plaintiff maintains that defendants are responsible for the actions of their subordinates.  (*See Spears* Quest. #4).  Such allegations are insufficient to state a claim against Sheriff Bowles, Sheriff Valdez, or Dr. Bowers in their individual capacities.  *See Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 736, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989); *Morgan v. Dallas Co. Sheriff's Dep't.*, 2005 WL 57282 at *2 (N.D. Tex. Jan. 11, 2005) (Kaplan, J.).

C.

Plaintiff also sues Dallas County, Texas for civil rights violations under 42 U.S.C. § 1983. In order to establish a claim against this defendant, plaintiff must show that the actions of jail officials resulted from an official policy, custom, or practice. *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). This may include persistent or widespread practices which, although not officially authorized, are "so common and well settled as to constitute a custom that fairly represents municipal policy." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995), *quoting Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). However, isolated incidents are insufficient to show a custom or practice for purposes of section 1983 liability. *See Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir.), *cert. denied*, 113 S.Ct. 462 (1992).

Here, plaintiff does not allege that a formal policy or a persistent and widespread practice was the "moving force" behind any constitutional violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.), *reh'g en banc denied*, 251 F.3d 159 (5th Cir.) (Table), *cert. denied*, 122 S.Ct. 53 (2001). Without facts to support such an allegation, there is no basis for municipal liability under section 1983.

D.

The only defendant named by plaintiff who was even remotely involved in his medical care is Dr. Kathryn Flangin. According to plaintiff, Flangin misdiagnosed a lesion inside the bottom lid of his left eye as a common sty and prescribed only ointment to treat the condition. (*Spears* Quest. #3(b)).[2] Assuming *arguendo* that Flangin was negligent in her diagnosis and treatment of plaintiff,

---

[2] Plaintiff does not allege that Flangin was personally involved in refusing to give him an eye exam or in failing to dispense prescription medication for depression, insomnia, and high blood pressure.

such conduct does not rise to the level of deliberate indifference necessary to establish a claim under section 1983. *See Thompson v. Upshur County, Texas*, 245 F.3d 447, 459 (5th Cir. 2001) ("[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.").

### RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 17, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE